COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

     NOS.    2-08-104-CR

        2-08-105-CR

2-08-106-CR

2-08-107-CR

2-08-108-CR

 

RADFORD ROY PANNELL                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Radford Roy Pannell appeals his five
fifteen-year sentences for theft under $1,500 and evading arrest or detention
using a vehicle, alleging in one point that he received ineffective assistance
of counsel at punishment.  We affirm.








                                        Background
Facts

Appellant
entered an open plea of guilty to four counts of theft against four separate
people; each count was enhanced with two prior theft convictions, a prior
conviction for robbery causing bodily injury, and a prior conviction for
forgery.  Appellant also entered an open
plea of guilty to evading arrest, enhanced by a prior conviction for robbery
causing bodily injury and a prior conviction for forgery.  The trial court ordered a presentence
investigation report (PSI) and set a hearing on punishment.








At
punishment, the State offered evidence that while appellant was on bond for the
offenses to which he pled guilty, appellant wrote fifteen checks to a store
owner in the amount of around $6,000 for cigarettes.  The owner contacted appellant=s bank
and discovered that appellant did not have sufficient funds to cover the
checks.  When appellant later returned to
the same store, the owner locked the door and told him she knew he did not have
the money to cover the checks.  He asked
her what she wanted, and then he pushed her so hard she fell to the
ground.  After she fell, he took her
keys.  As appellant was going out the
door, the owner activated an alarm to call the police, grabbed a can of mace,
and tried to spray appellant with it.  He
nevertheless was able to flee outside. 
The owner tried to follow appellant, but he pulled her hand, making her
fall down a second time, and drove off. 
The owner testified that she was afraid she would lose her store because
she could not repay loans she had to take out to cover her losses from
appellant=s bad checks.

When
appellant committed this extraneous conduct, he was out on bond for the
offenses to which he had pled guilty and was awaiting the preparation of a PSI
and the assessment of punishment. 
Appellant was in jail when the detective investigating the extraneous
offenses interviewed him; appellant admitted to the detective that he knew the
checks were bad when he wrote them.

Appellant
testified, acknowledging that he committed the offenses of theft by check, but
he contended that he wanted to make restitution to the store owner and all the
other victims.  According to appellant,
he had a drug problem that caused him to commit all of these crimes.  Appellant testified that he was finally tired
of hurting people and that he wished to make amends; as a result, he offered to
submit to drug treatment and make restitution.








The
defense also called two of appellant=s
friends and his wife.  They all testified
that appellant was a drug addict but that he was a good candidate for community
supervision and would be able to make restitution to his victims.  Defense counsel stressed appellant=s drug
problems and willingness to make restitution and urged the trial court to grant
appellant community supervision; however, the State stressed appellant=s
repeated criminal convictions spanning at least twenty-five years and
recommended the maximum sentence, twenty years.

The
trial court sentenced appellant to fifteen years in each case.  On the record, the court listed appellant=s past
criminal convictions in Tarrant County and noted that he had been in drug
treatment twice before, that in one year he had incurred restitution costs of
$60,000, and that he had committed theft by check while on bond for the same
type of crime.  Before sentencing
appellant, the judge specifically stated,

And it=s just difficult for me
to understand, sir, why is this happening to someone with your education, with
your ability, with your degree of articulateness, with the people that you have
in the courtroom who are supporting you and will support you.  And I just cannot give you a chance based on
your criminal history and based on what you=ve been willing to do even when I=ve had you out on my
bond.  I just can=t take a chance on you,
sir, and I won=t.

 








In a
single point, appellant contends that his attorney was ineffective by failing
to discover, investigate, and prepare a defense regarding the thefts by check
that he committed while out on bond.   He
bases this allegation on counsel=s
objections at the beginning of punishment to the State=s
witnesses to the cigarette thefts by check, to which counsel stated that he had
not received notice of the unfiled case and objected to the relevance of it to Athe
cases he=s pled
guilty to.@ 
Counsel repeatedly objected to the extraneous offenses=
relevance, later stating specifically that A[i]t=s a case
that I=m not
familiar with, hasn=t been filed, and I would B
certainly wouldn=t be representing him on this
case.  I haven=t been
appointed on it or anything.@  According to appellant, Athere is
a reasonable probability that the trial court would have at least backed off to
some degree@ on the fifteen year sentences Ahad
counsel made an effort to discover, investigate, and prepare to defend against
the extraneous offense presented at punishment.@

                                       Standard
of Review

To establish ineffective assistance of counsel,
appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).








The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair trial, i.e., a trial with a reliable
result.  Strickland, 466 U.S. at
687, 104 S. Ct. at 2064.  In other words,
appellant must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

                                               Analysis

Here, there is no motion for new trial record
showing the extent of counsel=s
knowledge or lack thereof regarding the theft by check extraneous
offenses.  However, counsel=s
initial objection seems to indicate that he was made aware of the extraneous
conduct evidence the morning before the hearing:

Your Honor, I object to
these witnesses being called.  As we
discussed, it=s apparent in the case
that we did not receive any notice about it until today=s hearing, and I note
this is a case that has not been filed - - there was no formal notice, I should
say.  The prosecution did discuss it, but
there=s been no case filed on
these charges, so, therefore, I would object to the relevance to this case.

 

The State responded,

 








And, Your Honor, for the
record, the State brought it up with defense counsel previous to Mr. Hernandez,
as soon as the State received notice that these cases had - - were being
developed by the police, and that was previous attorney, Jerry Wood,[[2]]
and as soon as we had a copy of the offense report ready, and it=s case number 080019825,
that was provided.  It is on ECFS, and it
is part of the State=s open file.

 

Appellant=s counsel then stated, AI was
provided the checks this morning and was not aware that these had been put on
ECFS, Your Honor.@

Regardless, counsel was able to elicit on
cross-examination of the investigating officer for the theft by check offenses
that appellant had offered to provide restitution, that he gave the officer the
name of someone who would contact the officer regarding restitution, that
appellant was Aforthcoming with information and
. . . appeared to want to be very helpful@ with
the case, that appellant was calm and did not make excuses for his actions, and
that appellant was atypical for someone with his criminal history because A[m]ost
people with the type criminal history that he has that [the officer] ha[s]
dealt with . . . usually make up excuses for what they=ve done
and are not very forthcoming with information.@  He also elicited testimony from the officer
that drug addicts can reform and become contributing members of society.








On cross-examination of the victim of the
extraneous theft by check offenses, counsel elicited testimony that although
she was scared of appellant, he never hit her. 
Also, he elicited testimony that she would rather be paid back through
having the court order restitution, which she understood would be impossible if
appellant were sent to prison.  Thus,
counsel was able to elicit testimony favorable to his defensive theoriesCthat
appellant deserved a second chance due to his drug addiction and willingness to
make restitutionCfrom both of the theft by check
witnesses.

In judging the defense=s
investigation, as in applying Strickland generally, hindsight is
discounted by pegging adequacy to Acounsel=s
perspective at the time@ investigative decisions are
made.  Rompilla v. Beard, 545 U.S.
374, 381, 125 S. Ct. 2456, 2462 (2005); Aldrich v. State, No.
02-05-00303-CR, 2008 WL 5057647, at *16 (Tex. App.CFort
Worth Nov. 26, 2008, no pet. h.) (en banc). 
Strategic choices made after thorough investigation of law and facts
relevant to plausible options are virtually unchallengeable, and strategic
choices made after less than complete investigation are reasonable precisely to
the extent that reasonable professional judgments support the limitations on
investigation.  Strickland, 466
U.S. at 690B91, 104 S. Ct. at 2066; Aldrich,
2008 WL 5057647, at *16; Hale v. State, 140 S.W.3d 381, 393 (Tex. App.CFort
Worth 2004, pet. ref=d).  In other words, counsel has a duty to make
reasonable investigations or to make a reasonable decision that makes
particular investigations unnecessary.  Strickland,
466 U.S. at 690B91, 104 S. Ct. at 2066; Aldrich,
2008 WL 5057647, at *16.








Here, counsel was appointed a month before the
hearing at which the trial court assessed appellant=s
punishment.  He did not request a continuance
upon learning of the extraneous offense evidence.  But he did object to the admission of the
evidence and was able to elicit testimony favorable to his defensive theories
in the case from the witnesses.  Further,
there is no evidence as to the reasonableness of counsel=s
decision to investigate to the extent he did, or did not.  Thus, based on this undeveloped record, we
cannot say that counsel was deficient with regard to investigating the
extraneous theft by check conduct.  See
Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); Salinas v.
State, 274 S.W.3d 256, 261B62 (Tex.
App.CHouston
[14th Dist.] 2008, pet. filed); Rodriguez v. State, 103 S.W.3d 460, 461B62 (Tex.
App.CSan
Antonio 2002, pet. ref=d), cert. denied, 541
U.S. 1044 (2004).








Moreover, even assuming that counsel=s
performance fell below an objective standard of reasonableness, appellant has
not shown that but for counsel=s
errors, there is a reasonable probability that the result of the trial would
have been different.  Appellant=s
counsel was able to elicit testimony favorable to his defensive theories, and
appellant has not alleged anything that counsel could have done differently or
what additional investigation would have uncovered that would have changed the
trial court=s assessment of punishment.  See Miller v. Dretke, 420 F.3d 356,
361 (5th Cir. 2005) (ATo establish that an attorney
was ineffective for failure to investigate, a petitioner must allege with
specificity what the investigation would have revealed and how it would have
changed the outcome of the trial.@); Ex
parte Nailor, 105 S.W.3d 272, 279 (Tex. App.CHouston
[14th Dist.] 2003), aff=d, 149
S.W.3d 125 (Tex. Crim. App. 2004); Haight v. State, Nos. 02-05-00163B65-CR,
2007 WL 176487, at *4 (Tex. App.CFort
Worth Jan. 25, 2007, pet. ref=d) (mem.
op., not designated for publication). 
The trial court specifically stated on the record that its decision was
based on appellant=s past history, not just his
engaging in the theft by check offenses while out on bond.  Based on appellant=s
admitted drug addiction and over twenty-year history of committing robbery and
theft, the trial court could have concluded that his offer to make restitution
was too little, too late.  Based on this
record, we cannot conclude that appellant has shown that the outcome of his
trial would have been different but for his counsel=s
performance.

We overrule appellant=s sole
point and affirm the trial court=s
judgments.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 23, 2009











[1]See Tex. R. App. P. 47.4.





[2]Wood=s motion to withdraw,
dated about a month before sentencing, notes that appellant had Asince been charged with a
new offense.@